August 26, 2020

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 08/26/2020
```

**<u>VIA ECF ONLY</u>**

Honorable Valerie Caproni
United States District Court
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
Courtroom 443
New York, NY 10007



Re: ***Luigi Girotto v. Le Fanion Inc. and Brownstone Development Associates LLC***
    **Case No. 1:20-cv-02241-VEC**

Dear Judge Caproni:

This firm represents Defendants Le Fanion Inc. and Brownstone Development Associates, LLC in the aforementioned lawsuit, which pertains to alleged violations of the Americans With Disabilities Act (as well as respective State and City laws). The Complaint filed by Plaintiff (ECF # 1, p. 11-12) seeks permanent injunctive relief, a re-evaluation of Defendant's' policies towards disabled access, and attorney's fees.

The parties held a joint hour-long call as required by Your Honor's rules on June 17, 2020 (the same date as the parties filed a Case Management Plan and Joint Letter). On this call, Plaintiff's counsel also made a demand for settlement. Thereafter, your undersigned determined that the most fair course of action for all parties is not to spend legal fees both for this firm, and for Plaintiff, disputing changes to the very-small pottery shop which is the subject of this suit, but instead to acknowledge liability, determine what fixes need to be made, and set legal fees at a reasonable amount to be included in settlement.

Towards this end, on June 26, 2020, your undersigned asked Plaintiff's counsel (Mr. B. Bradley Weitz) for a settlement demand reduced to writing which would "include both repairs and amount of monetary settlement." In response to this, Mr. Weitz's assistant Daisy Hall responded that "Mr. Weitz would like to schedule a telephone call with you on Tuesday, 6/30/20, regarding the above matter." This firm responded, asking why a call is necessary in the place of a written settlement demand. Specifically, on June 26, 2020, your undersigned stated "I just need an offer in writing. I am not available for a generic phone call since Bradley already gave me a verbal list of demands." Ms. Hall responded, on June 29, 2020, by stating "Yes, yet Mr. Weitz prefers to go over everything by phone calls. Let us know if you can avail yourself tomorrow, 6/30." This firm refused this offer, as there is no conceivable logic for a Plaintiff's firm to, in good faith, refuse a written demand of settlement. Your undersigned believes this is doubly

true when the underlying case is one for injunctive relief to assist disabled access rather than a suit for monetary compensation.

On July 6, 2020, Your Honor referred the matter to mediation (ECF # 16).  Thereafter, on August 4, 2020, the parties held a brief conference before Richard Leland, Court-appointed mediator.  Your undersigned again requested a written demand from Mr. Weitz, so that Defendants can undertake immediate repairs and leave only legal fees as the subject of the dispute.  Mr. Leland seemed to agree, noting that minimizing the issues to be mediated seems the best course of conduct.  Mr. Weitz responded that he refuses to provide a written demand, but that he can orally state that the chief issues are an access ramp to enter the premises (which has a several-inch stoop) and equal access to all parts of the store (based on previous conversation, Defendants' counsel understood that to mean the basement, where the pottery store personnel occasionally allowed shoppers.

After consulting with the Defendants, your undersigned emailed Mr. Weitz on August 17, 2020 (attached).  In that email, your undersigned stated that "we believe there is no dispute as to the improvements to the space that must be made", and that we intend to comply with all reasonable injunctive demands.  This firm offered the repairs consistent with the oral demand made before the mediator (since, again, no written offer was issued).  The email also included a plan for a ramp, as requested by Mr. Weitz, which Defendants' engineer believes can be installed without application for a permit.  Defendants therefore also requested that Mr. Weitz accept this ramp as an acceptable aid to access.

This email was not responded to.  A re-forwarding of this email to Mr. Weitz on August 21, 2020 was also not responded to.

Indeed, in your undersigned's 10 years of practice, he has not once seen a plaintiff <u>refuse</u> to provide a settlement offer, much less in a case where the defendants admit liability and seek to remediate the very conditions that are the subject of the suit.

Based on the above, the Defendants request that the Court permanently stay mediation, and return the matter to the Court's calendar.  Specifically, the reason is that there is no dispute to mediate:  the Defendants stand ready and willing, hat in hand, to make all remediation necessary to make the space ADA, State, and City compliant.  Were the Plaintiff to make a firm demand, Defendants would already have taken steps to either make such changes, or explain why they physically cannot be made, and offer an alternative.   The Defendants intend to admit liability, and request the Court to set legal fees once the parties agree to what repairs are needed.

Your undersigned believes that there is no dispute to mediate, other than perhaps why this matter could not have been settled earlier.  The process of mediation requires detailed, and billable-time-consuming entries from both parties setting out their stance on issues of fact and law in a case.  Given that Defendants do not contest liability and ask only for a list of repairs to make, such an exercise would be wasteful and unhelpful to settle a case that is already fully ready to be settled except for Plaintiff's intransigence.

As Your Honor has previously held in <u>De La Rosa v. Lewis Foods of 42nd Street, LLC</u>, 124 F.Supp 290, 294-95 (S.D.N.Y. 2015), the ADA has a "broad remedial purpose", and your undersigned believes the limited resources of both the barely-profitable tenant pottery store (Le Fanion Inc.) and its relatively-small landlord (Brownstone Development Associates LLC), who have both suffered tremendous economic loss due to COVID-19, should be directed at repairing the space as necessary to serve the "remedial purpose" of the ADA.  Absent a written demand by Plaintiff's counsel, or communication by him regarding the Defendants' interpretation of his oral offer, mediation would only serve to create fees for attorneys rather than lead to a resolution.

<u>Plaintiff's counsel has requested that your undersigned note in this letter motion that he objects to staying or terminating mediation./</u>

Respectfully submitted,


Yan Margolin

Cc:     All Counsel (via ECF and email)

---

A teleconference to address Defendants' motion is hereby scheduled for **August 28, 2020, at 10:30 A.M.**  All parties and any interested members of the public must attend by dialing 1-888-363-4749, using the access code 3121171 and the security code 2241. All attendees are advised to mute their phones when not speaking and to self-identify each time they speak.  Mr. Weitz is advised to respond to opposing counsel's communications in a timely manner and to act in good faith.  If the Court finds that Plaintiff's counsel is wasting his opponent's time, he may be sanctioned and ordered to pay opposing counsel's fees.

SO ORDERED.                              Date: 08/26/2020

*Valerie Caproni*

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| **Subject:** | Access-Related Repairs to Le Fanion at 50 Bank Street |
| **Date:** | Sunday, August 16, 2020 at 7:38:53 PM Eastern Daylight Time |
| **From:** | yan margolinlawny.com |
| **To:** | The Weitz Law Firm, P.A., B. Bradley Weitz |
| **Attachments:** | 50 Bank-sidewalk ramp2.pdf |

Dear Mr. Weitz,

As we have stated previously on the call with the mediator (Mr. Leland), we believe there is no dispute as to the improvements to the space that must be made. While you have not provided us with a written demand, you stated during a conference with the mediator that you demand an access ramp, and disability access to all parts of the store that fully-able-bodied patrons can access. Therefore:

1. See attached the plans for the ramp we wish to install. Our engineer believes that no application is necessary for such a ramp, but the plans will be filed with the Department of Transportation. Please confirm this ramp complies with your demands. Note that the landing in question is only 4 inches high, as noted on the bottom left corner of the plans.
2. We will permanently cut off any customer access to the lower level (which was very rare to begin with). We cannot install anything more permanent due to the age and shape of the building. We will rearrange the tables within the space as best we can to allow 36 inches of wheelchair access to the extent physically possible in the confined space.

If this is satisfactory, please let us know. Thank you


----------
Yan Margolin, Esq.
Law Offices of Yan Margolin
315 West 36th Street
New York, NY 10018
T:  212-964-6200
C:  516-375-3930
MargolinLawNY.com